7 F.3d 224
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert KOON, Plaintiff-Appellant,
v.
Gregory PACK, Supervisor, Central Correctional Institution,
Defendant-Appellee.
 No. 93-6368.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 30, 1993.
Decided: September 21, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia.
 Robert Koon, Appellant Pro Se.
 John Gregg McMaster, Jr., TOMPKINS & MCMASTER; Barbara Murcier Bowens, SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HALL, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Robert Koon, a South Carolina state prisoner, filed a 42 U.S.C. § 1983 (1988) complaint against correctional officer Gregory Pack alleging that Pack failed to protect him from another inmate. The district court granted summary judgment in favor of Pack. We affirm.
 
 
 2
 The uncontested facts established that Koon, along with several other inmates, attended a counseling session at the prison. All the inmates at the session were from Cell Block 2, the section of Central Correctional Institute where the most dangerous prisoners are housed. For safety reasons, all the prisoners were handcuffed and wore body chains. During the session Koon left the room for several minutes. At the end of the session, inmate Theo Young pulled out a homemade knife and attempted to stab Koon. The counsellor, Richard Smyth, kicked and shoved Young away from Koon and yelled for help. Sergeant Pack and several other officers rushed in and settled things down. During the fracas, Smyth was stabbed several times in the back but Koon received only a superficial scratch on his stomach. Both Koon and Young had long disciplinary records.
 
 
 3
 The disputed facts arise from what occurred during the time Koon was not in the session. Koon stated that he told Sergeant Pack that Young had a weapon, and that Young had threatened him. Contrary to Koon's version, Sergeant Pack stated that Koon said nothing about a weapon or Young, and that he ordered Koon back into the session because inmates were not allowed to leave once they had decided to attend.
 
 
 4
 "Constitutional claims of convicted prison inmates that they have suffered physical harm at the hands either of prison officials or of fellow-inmates against whom prison officials failed to provide protection, are most appropriately assessed under the[E]ighth [A]mendment .... The [E]ighth [A]mendment protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm ... " Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Even taking the facts in the light most favorable to Koon, and granting him the benefit of all credibility inferences, Fed. R. Civ. P. 56(c), Koon has failed to show that he suffered any physical harm as a result of the alleged deliberate indifference. He does not dispute that his only injury was a one and a half centimeter superficial scratch that barely bled. Although prison officials may have been indifferent to the risk posed by Young, Koon suffered no harm as a result of that indifference, so his Eighth Amendment rights were not violated.
 
 
 5
 Therefore, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED